UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE ) | CASE NO.3:04CV7586 | |
| ) | | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO | |
| ) | | |
| Vs. ) | | |
| ) | | |
| JEFFREY MILLER, ET AL., ) | ORDER | |
| ) | | |
| Defendants. ) | | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Motion of Plaintiff to Alter or Amend the March 23, 2007 Order Denying, in Part, Plaintiff's Motion for Summary Judgment (ECF # 64 & 65).

"Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 371 (6th Cir. 1998). "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fidelity Invs. Inst'l Servs. Co.,* 326 F.3d 760, 767 (6th Cir. 2003). Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The court should use its "informed discretion" in deciding

whether to grant or deny a Rule 59(e) motion. *Thomas & Betts Corp. v. Hosea Project Movers, LLC.*, No. 02-2953, unreported 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005), citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982).

As Chief Judge James G. Carr announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D Ohio 2003): "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls . . . attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Id.* at 634.

After careful review and consideration of Plaintiff's Motion and supporting evidentiary materials, the Court finds no grounds to support a reconsideration of its Opinion and Order of March 23, 2007, granting, in part, and denying in part, Plaintiff's Motion for Summary Judgment. The declaration of Wayne Green does not purport to offer new evidence. Rather, it appears to offer evidence available to Plaintiff at the time of summary judgment. The case law cited by Plaintiff does not represent new case law, is not Ohio law and therefore, is not binding on this Court, and is not persuasive on the ultimate issue of Plaintiff's burden of demonstrating Defendant Jeffrey Miller's knowledge of the receipt of a benefit as required under Ohio law. Therefore, Plaintiff's Motion to Alter or Amend is denied. The remaining claims shall proceed to trial as scheduled.

IT IS SO ORDERED.

7/31/07
Date

CHRISTOPHER A. BOYKO
United States District Judge

FILED
JUL 31 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND